846 F.2d 77
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ernestina B. SALINAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 87-3590.
 United States Court of Appeals, Federal Circuit.
 March 15, 1988.
 
 Before SMITH, BISSELL and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The final order of the Merit Systems Protection Board (Board), Salinas v. Immigration and Naturalization Service, 34 M.S.P.R. 553 (1987), dismissing for lack of jurisdiction the request of Ernestina B. Salinas for review of an arbitration award sustaining her removal from the Immigration and Naturalization Service (agency) is affirmed.
 
 OPINION
 
 2
 The agency removed Salinas for conduct "prejudicial to the best interest of the [agency]." Id. at 554. Specifically, Salinas admitted that she had on several occasions knowingly permitted and assisted an alien, her fiance, to enter the United States illegally. She elected to use the agency's negotiated grievance procedures to contest her removal. The arbitrator found that the removal was for just cause and denied her grievance. Salinas filed with the Board a request under 5 U.S.C. Sec. 7121(d) (1982) for review of the arbitration decision alleging, inter alia, that her removal resulted from discrimination based on sex and national origin. Salinas, 34 M.S.P.R. at 554. Lacking jurisdiction, the Board dismissed her request for review.
 
 
 3
 Although the Board determined that Salinas had not raised the issue of discrimination before the arbitrator, Salinas contends here that she did. Specifically, she points to the arbitrator's finding that the agency "dealt harshly with the Grievant, and made an example of her."
 
 
 4
 The Board may review an arbitration decision only if the employee has been affected by a prohibited personnel practice under 5 U.S.C. Sec. 2302(b)(1) (1982), and this personnel action could initially have been appealed to the Board. 5 U.S.C. Sec. 7121(d); see Stickles v. Veterans Admin., 31 M.S.P.R. 264, 265-66 (1986), aff'd, No. 87-3148 (Fed.Cir. June 12, 1987). Salinas had the burden of proving this. 5 C.F.R. Sec. 1201.56(a)(2)(i) (1987).
 
 
 5
 She failed to do so. The arbitrator's decision does not discuss any discrimination against Salinas based on sex or national origin, and there is nothing in the record to show that Salinas raised these allegations before the arbitrator. An issue of disparate treatment in the imposition of a penalty does not, as Salinas suggests, raise an issue of prohibited discrimination. An allegation of disparate treatment based on prohibited discrimination must be so stated in the record and cannot be raised by mere implication.
 
 
 6
 The arbitrator's failure to discuss discrimination is particularly telling in light of his sympathy with Salinas' plight. The arbitrator stated that he had "looked carefully for any procedural irregularity which might have constituted harmful error or a deprival of any right...." He "hoped to find such an error so that [he] could reinstate [Salinas] on a technicality without setting a precedent of condoning what [Salinas] did." But, he found, "no error appears in the record."
 
 
 7
 Salinas is responsible, furthermore, for the errors of her chosen representative. See Stickles, 31 M.S.P.R. at 266 (citing Sofio v. IRS, 7 MSPB 493, 494, 7 M.S.P.R. 667, 670 (1981)). Thus, we affirm the Board's opinion and order dismissing Salinas' appeal for lack of jurisdiction.